Fecteau, Francis R., J.
This is an action, commenced on June 17, 2005, by which the plaintiff Nichols College is seeking an order, under the provisions of G.L.c. 143, §§6, and 57, which compels the immediate issuance of a demolition permit from the building inspector of the Town of Dudley in order to demolish a building on its campus that was first built in 1805 and which it believes is dangerous and in a condition wherein imminent collapse is possible.[1] The plaintiff further complains that the building inspector, in her denial of its application for a demolition permit, has failed to utilize a correct standard and has abdicated her statutory duties to the town’s historical commission, which, jointly and severally, has failed to properly justify invocation of the town demolition delay by-law.[2] The building inspector of the town and the other municipal defendants, namely, the members of the Board of Selectmen, the members of the town Historical Commission and the town administrator, contend that, in the exercise of her discretion, the building inspector has determined that the condition of the building is not in such a dangerous and unsafe state so as to forego the opportunity, created by town by-law, for a six-month delay for review of alternatives to demolition, for a building of alleged historical significance.
This matter first came on for hearing on the plaintiffs ex parte motion for an order of notice and for consolidation of its request for preliminary injunction with a trial on the merits, before me, on the afternoon of Friday, June 17, 2005.[3] The parties were heard on June 23, 2005, on the plaintiffs application for a preliminary injunction. Thereupon, in consideration of the pleadings, affidavits and arguments of the parties in support of and in opposition to the entry of a preliminary injunction, the court makes the following findings of fact and rulings of law.
In determining whether to grant a preliminary injunction, this court considers, as it must, the balancing test set forth in Packaging Industries Group, Inc. v. Cheney, 380 Mass. 609, 616-17 (1980). See also Planned Parenthood League of Massachusetts, Inc. v. Operation Rescue, 406 Mass. 701, 710 (1990). The criteria for issuance of a preliminary injunction are that the moving party must show, on the basis of an “abbreviated presentation of the facts and law,” a likelihood of success on the merits of his claim and that absent a preliminary injunction, the moving party will suffer irreparable harm. Packaging Industries Group, Inc. v. Cheney, 380 Mass. 609, 616-17 (1980); GTE Products Corp. v. Steward, 414 Mass. 721, 722-23 (1993). If the standard is met, the court must then balance the risk of irreparable harm to the moving party against any similar risk of irreparable harm which granting the injunction would create for the opposing party. Packaging Industries Group, Inc. v. Cheney, supra at 617. “In the context of a preliminary injunction, the only rights which may be irreparably lost are those not capable of vindication by a final judgment, rendered either at law or in equity.” Id, at 617 n. 11. In balancing these factors, “(w]hat matters as to each party is not the raw amount of irreparable harm the party might conceivably suffer, but rather the risk of such harm in light of the party’s chance of success on the merits. Only where the balance between these risks cuts in favor of the moving party may a preliminary injunction properly issue.” Id.
“[BJefore issuing the preliminary injunction, a judge is required to determine that the requested order promotes the public interest, or, alternatively, that the equitable relief will not adversely affect the public.” Commonwealth v. Massachusetts CRINC, 392 Mass. 79, 89 (1984); Brooktine v. Goldstein, 388 Mass. 443, 447 (1983). See also LeClair v. Town of Norwell, 430 Mass. 328, 337 (1999).
While the plaintiff has presented a record upon which it is apparent that the structure in question has serious stresses, weaknesses and potential dangers, without the taking of testimony and other evidence, it does not appear to provide a sufficient basis on which to conclude that the plaintiff has demonstrated a reasonable likelihood of success on the merits, nor that a failure to issue the preliminary injunction immediately will subject the moving party to an immediate and substantial risk of irreparable harm (i.e., the collapse of the building and the risk of harm to persons on the college campus) which exceeds the obvious irreparable harm that immediate demolition of this structure would cause to the town and the interests represented by the defendants in seeking a delay of demolition (i.e., the immediate loss of the opportunity to identify and consider alternatives to demolition); nor does it appear sufficient to overcome, as a matter of law, the discretion with which the building inspector is imbued to determine, in fulfillment of her statutory and regulatory role, whether a building is dangerous and the most appropriate method for such a condition to be remedied, i.e., “to remove it or to make it safe,” G.L.c. *554 143, §6.[4] This structure has been in existence for approximately 200 years, was in use by the college from 1980 to 1997, and the college has been considering the possibility of its demolition since approximately 2001, but did not formally apply for a demolition permit until April 14, 2005, which request was refused by the building inspector by letter dated May 24,2005, and for which this suit commenced on June 17, 2005.
Closely related to the element of irreparable harm is that of the “public interests” involved in the issue. While recognizing that there are competing public interests, namely, public safety on one hand, and the preservation of the heritage of a community that a building of some historical significance may represent, on the other, and while generally the public safety is of paramount concern to the court, it must likewise be of similar concern to the municipal officials who are given statutory and regulatory duties and responsibilities, and upon whom a degree of deference is typically granted in our appellate jurisdiction. Upon the present record, it appears that the building inspector has herself had an opportunity to examine the building and to weigh the competing concerns and has come to a decision, in the exercise of her discretion, that the public safety issues presented by the condition of this building are not sufficient to demonstrate such a level of dangerousness so as to outweigh the public interest in a modest delay of demolition, subject to fluid conditions and a continuing duty of inspection and determination, with or without the advice and counsel of other professions and disciplines, including the possible assistance of a structural engineer.[5] Therefore, on the present state of the record, it does not appear that the granting of the preliminary injunction ordering the immediate issuance of a demolition permit will best serve the public interest as such an order would not only eliminate any practical opportunity for the municipality to defend the decision of its building inspector with assistance and advice of a structural engineer, it would forever eliminate the structure itself and consideration of any viable alternative to the destruction of the building.[6]
Given the fact-intensive nature of the controversy, and that a grant of preliminary injunctive relief sought by the plaintiff will be dispositive of the case, the court is not satisfied that the record presented is an adequate basis on which to determine that the decision of the building inspector, and the demolition delay by-law ought to be overruled and the building demolished. Therefore, the plaintiffs application for a preliminary injunction is not granted but is consolidated with a trial on the merits. The court is also satisfied that the case presents an exceptional circumstance for which the plaintiff should be relieved from the requirement for the exhaustion of administrative remedies ordinarily available with the Building Code Appeals Board[7] and that a speedy trial on the merits ought to be granted. Furthermore, the defendant is entitled to have time to obtain the additional assistance of a structural engineer in order to examine the properly in advance of trial.

ORDER ON MOTION

For the foregoing reasons, under the provisions of Rule 65(b)(2), this matter is ordered consolidated with the trial on the merits and is ordered advanced for trial, to be conducted on or after August 9, 2005. The parties are ordered to confer with the court on said date for the purpose of agreement on a trial date.

The plaintiffs complaint is in two counts: for declaratory judgment and certiorari.

See Art. XIX, Sections 12.02.00, et seq, of the By-laws of the Town of Dudley, attached to the plaintiffs complaint at tab 8.

It was suggested by the court at that time that counsel for the plaintiff attempt to speak or meet with town counsel for the defendant that same day and to arrange a procedural heartng for the following Monday morning, to which town counsel agreed and for which he was present. At said procedural hearing, counsel for the defendant stated that it would not obj ect to an accelerated trial on the merits, with or without consolidation, but could not be in a position to defend on the merits so quickly as the date that the plaintiff had originally called for, namely, June 23, 2005, but that it would be prepared to appear that day for a hearing on the preliminary injunction, with both parties understanding that the court would continue to consider a consolidation of the motion with a trial on the merits, given the dispositive nature of the preliminary relief sought, namely, an order for the immediate issuance of a demolition permit.

The court is not unmindful of the arguments of the plaintiff that the building inspector has not met her responsibility, in denying the permit, to give an opinion that the building is not dangerous, as well as its contention that the historical commission has not made or provided findings of fact of record as to the manner in which this building qualifies as “historically significant.” As far as the response of the building inspector to the plaintiffs application for a demolition permit is concerned, while she has not issued a finding that the building is not “dangerous to life or limb,” as is stated in G.L.c. 143, §6, or is not an “imminent threat to public health or safely,” as is stated in the demolition delay by-law, §12.02.06(a), such can be implied by her denial of the demolition permit. However, the “findings” of the Historical Commission are clearly inadequate, as there is no finding as to the basis, according to the by-law in question, on which the building was determined to be “historically significant.” This issue is remanded to the commission for further proceedings as necessary in order to supplement the administrative record with findings of fact and that said findings be served and filed on or before August 5, 2005.

The court also observes that the circumstances that remain fluid, including the condition of the building, may impose continuing duties upon the property owner and building inspector that might involve further steps to “make safe” this unoccupied building and its immediate surroundings against unwanted and/or uncontrolled visitation and/or which may require the building inspector to invoke the provisions of either G.L.c. 143, §6, or Art. XIX of the By-Laws of the Town of Dudley, §12.06.00(a) to order an immediate demolition.

he municipal defendants candidly concede that the demolition delay might not be successful in finding an adequate alternative to demolition.

The defendant does not take issue with the plaintiffs assertion that a hearing before the Appeals Board would likely not occur prior to the expiration of the by-law’s six-month delay period, which began to run on April 14, 2005.